UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERCIA, | ) | CIV. 12-5088-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFAULT JUDGMENT |
| vs. | ) | |
| | ) | |
| | ) | |
| CANDACE J. POURIER and | ) | |
| ANY PARTY IN POSSESSION, | ) | |
| | ) | |
| Defendants. | ) | |

On February 24, 2014, the United States of America, plaintiff in the above-entitled action, filed a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docket 8).

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b)." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (citations omitted). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)" Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Rule 55 requires two steps before entry of a default judgment: "first, pursuant to Fed. R. Civ. P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed. R. Civ. P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." Dahl v. Kanawha Inv. Holdings Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995).

In this case, the Clerk of Court filed an entry of default in favor of the plaintiff and against Ms. Pourier pursuant to Rule 55(a), completing the first step of the process toward default judgment. (Docket 7). The court now must decide whether default judgment should be entered against the defendant pursuant to Rule 55(b)(2).

In the United States Court of Appeals for the Eighth Circuit, the entry of default judgment is appropriate when a party's conduct includes " 'willful violations of court rules, contumacious conduct, or intentional delays.' " Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (quoting United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)).

The complaint was filed in this court on November 30, 2012. (Docket 1). The summons and complaint were duly served on defendant Candace J. Pourier on December 12, 2012. (Docket 4). Ms. Pourier failed to plead or otherwise defend this action. The court finds Ms. Pourier's actions amount to willful violations of court rules. Accordingly, it is hereby

ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment (Docket 8) is granted. Pursuant to Fed. R. Civ. P. 55(b)(2), judgment is entered in favor of plaintiff United States of America and against defendants.

Dated March 3, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE